UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAGDALENO AGUIRRE ZEPEDA, et al.,
Plaintiffs,

v.

SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-14615-HSG

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 4

The Court **GRANTS** Petitioner Julieth Luna Cano's Ex Parte Motion for a Temporary Restraining Order ("TRO") to preserve the status quo pending further briefing and a hearing on this matter. Dkt. No. 4 ("TRO Mot."). The Court **ORDERS** that Respondents **IMMEDIATELY RELEASE PETITIONER LUNA FROM CUSTODY TODAY, NOVEMBER 24, 2026.**

## I. BACKGROUND

Petitioner Luna has lived continuously in the United States for over ten years, entering the United States when she was eleven years old.[1] TRO Mot. at 7. She is the sole provider for two young U.S. citizen children: a two-year-old with autism and a nine-month-old infant. *Id.* at 7, 9. Petitioner Luna lives with her mother as well. *Id.* at 9. She is employed at a Salvadorian-Mexican restaurant. *Id.* at 7. She has no criminal record and has never been placed in removal proceedings. *Id.* at 7, 9.

On November 23, 2026, Petitioner was detained by masked Immigration and Customs

[1] The habeas Petition names two petitioners: Magdaleno Aguirre Zepeda and Julieth Luna Cano. Dkt. No. 1 at 1. However, Petitioner Aguirre Zepeda obtained a TRO from the duty judge yesterday. No. 26-cv-14629 (N.D. Cal.), Dkt. No. 3. This TRO request is only brought on behalf of Petitioner Luna. TRO Mot. at 2 n.1.

Enforcement ("ICE") officers in Bay Point, California while at her place of work. *Id.* at 9–10. ICE officers approached her car, asked for identification, and inquired where she was from. *Id.* Petitioner Luna answered truthfully that she is from Mexico. *Id.* at 10. The ICE officers then handcuffed Ms. Luna, without showing her a warrant, or asking her anything about her immigration history, family, or ties to the community. *Id.* A Form I-200 was given to Ms. Luna later at 630 Sansome Street, San Francisco, California, rather than where she was arrested, along with a Notice to Appear. *Id.*

Petitioner Luna filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"), and an Ex Parte Motion for Temporary Restraining Order contending that she is being unlawfully confined in violation of the Constitution and laws of the United States. Dkt. Nos. 1, 3. Respondents were provided notice of the Petition and the TRO motion by email to the U.S. Attorney's Office for the Northern District of California. TRO Mot. at 2.

## II. LEGAL STANDARD

Injunctive relief is a matter of equitable discretion and "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24, 32 (2008) (citation omitted); Fed. R. Civ. P. 65. The standard for issuing a temporary restraining order is "substantially identical" to the rule for granting a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (citation omitted). A "TRO should be restricted to preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (internal quotations omitted) (cleaned up).

Temporary restraining orders may only issue where the moving party has clearly shown: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *See Winter*, 555 U.S. at 20, 22 (citations omitted). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quotation omitted). "If a plaintiff can only

show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (internal quotations omitted) (cleaned up).

**III. ANALYSIS**

The Court has reviewed the Petition and the TRO motion, and concludes that Petitioner Luna has met her burden on each factor and is entitled to a TRO.

As to Petitioner Luna's likelihood of success on the merits, the Court analyzes her due process claim, Petition ¶¶ 72–75; TRO Mot. at 11–13, "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Quispe v. Chestnut*, No. 25-cv-02002-CSK, 2026 WL 654577, at *4 (E.D. Cal. Mar. 9, 2026) (internal quotations omitted) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). At the first step, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Having lived openly in this country and this community for over ten years, and as the mother of two U.S. citizen children, Petitioner Luna has a substantial liberty interest.

At the second step, this Court finds that the three factors relevant to the due process inquiry set out in *Mathews v. Eldridge*—"the private interest that will be affected by the official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail"—require that Petitioner Luna be immediately released from custody. 424 U.S. 319, 335 (1976). Further, she must be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody. Petitioner Luna has a substantial private interest in remaining out of custody, which would allow her to take care of her family, including

her two children. *See, e.g.*, *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (rejecting as "specious" government argument that petitioner lacked liberty interest where government did not previously seek to detain her while asylum application pending). Thus, Petitioner Luna has shown that she is likely to succeed on the merits.[2]

Petitioner Luna has also made a sufficient showing on the remaining factors. An unconstitutional deprivation of physical liberty constitutes irreparable harm. *See, e.g.*, *Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017). The balance of hardships tips sharply in Petitioner Luna's favor, particularly in light of the fact that she is the primary financial support for her family. And the balance of harms and public interest factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## IV. CONCLUSION

The Court **GRANTS** Petitioner Luna's Ex Parte Motion for a TRO. Dkt. No. 4. In this case, in light of the minimal risk of harm to the Government, the Court determines that security is not required. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (citation omitted).

To provide an opportunity for a fair and orderly consideration of this matter, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

- Respondents are **ORDERED TO IMMEDIATELY RELEASE PETITIONER LUNA FROM CUSTODY TODAY, NOVEMBER 24, 2026, IN CONTRA COSTA COUNTY, CALIFORNIA.** Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner Luna without notice and a pre-deprivation hearing before a neutral decisionmaker. Petitioner Luna **SHALL NOT** be deported, removed, or otherwise transferred outside the United States, or the jurisdiction of this Court, until further order of this Court.
- By no later than 9:00 a.m. on November 25, 2026, Respondents **SHALL** file a declaration with this Court confirming that Respondents have fully complied with this TRO Order.

---

[2] In the Ninth Circuit, a TRO may also issue if a petitioner shows that there are "serious questions going to the merits" and that "the balance of hardships tips sharply" in her favor. *Friends of the Wild*, 767 F.3d at 942. In the alternative, for the same reasons, the Court finds that there are at least serious questions going to the merits.

Counsel for Respondents **SHALL** enter notices of appearance by this same deadline.

- The Court will evaluate the merits of Petitioner Luna's Petition simultaneous to the request for preliminary injunctive relief. *See* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require.").
- Petitioner Aguirre Zepeda **SHALL** file a statement by 9:00 a.m. on November 25, 2026 as to whether he will proceed in this case or in No. 26-cv-14629 (N.D. Cal.).
- Respondents are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue. Respondents **SHALL** answer or otherwise respond to the Petition (not the TRO motion) by noon on November 30, 2026. Any response must include the relevant Petitioner(s)'[3] full Forms I-200 and 213, any Notices to Appear, any orders of detention, any custody warrants or other notices, Petitioner(s)' criminal history to the extent one exists, and any other portions of Petitioner(s)' A-File relevant to the determination of the issues presented in the Petition. Failure to timely respond **SHALL** be construed as a non-opposition.
- Petitioner(s) may file a reply by 5:00 p.m. on December 2, 2026.
- The Court **SETS** this matter for a hearing at 2:00 p.m. on December 3, 2026 at 1301 Clay Street, Courtroom 2, Fourth Floor, Oakland, California, before Judge Haywood S. Gilliam, Jr. All counsel **SHALL** attend in person.
- In the time before the hearing, the parties are **ORDERED** to meet and confer, at a minimum via a telecommunication system with video conference capabilities, to see if they can resolve this matter without further judicial intervention.
- Petitioner Luna **SHALL** serve this Order today, November 24, 2026, via email on: (1) Pamela Johann, Chief of the Civil Division of the U.S. Attorney's Office for the Northern

[3] Respondents **SHALL** ensure that their briefing addresses Petitioner Aguirre Zepeda, should he continue to proceed before this Court.

District of California, at pamela.johann@usdoj.gov; (2) Michael J. Sarrett, who is listed as an attorney with the U.S. Attorney's Office for the Northern District of California's Civil Division on this case's docket, at michael.starrett@usdoj.gov; and (3) Kenneth Brakebill, Assistant U.S. Attorney, U.S. Attorney's Office for the Northern District of California, whom Petitioners' counsel noticed, Dkt. No. 4-1 ¶ 7.

- **This Order shall remain in effect until December 9, 2026, absent further order of this Court.**

**IT IS SO ORDERED.**

Dated: November 24, 2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California